# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMERICAN ASPHALT & GRADING COMPANY,
Appellant,
vs.
JANICE L. BOWMAN; ALICE A. MOLASKY-ARMAN; BRADLEY ALAN PEARCE; RICHARD SCOTT ROTTMAN; TAMMY SUE LOVE; DICK LAVELLE ROTTMAN; CAROL BETH INGALLS; DONALD WARREN WINNE; JEAN MARIE ROTTMAN; DOUGLAS CARSBURG; THOMAS EDWARD GEISSLER; ROBERT T. KINGSLEY; ROGER A. HILL; CLOVIA L. LEHTO; AMY J. SIMPSON; AND MELISSA C. MELLO,
Respondents.

No. 68304

FILED

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a business action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

After a bench trial, the district court granted judgment in favor of respondent Dick Rottman on appellant American Asphalt's claim for alter ego,[1] finding that American had failed to establish NRS 78.747(2)'s three requirements and, more specifically, that American had failed to establish any of the five factors relevant to NRS 78.747(2)'s unity-of-interest requirement. *See Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598,

---

[1]In light of this disposition, we need not resolve Rottman's argument regarding whether the district court properly treated American's claim in the Utah liquidation proceeding as a valid predicate claim for American to assert its alter ego "claim" in the underlying action.

16-23581

601, 747 P.2d 884, 887 (1987) (setting forth factors). On appeal, American contends that reversal is warranted because the district court (1) erred in considering the undercapitalization factor by focusing its analysis on the wrong time frame; and (2) overlooked evidence relevant to other factors, in that Rottman used nonparty Western Insurance Company's (WIC) assets to make loans to affiliated entities for his personal benefit without the approval of WIC's board of directors. We affirm.

With regard to American's first argument, we need not decide whether or when it is appropriate to consider a corporation's capitalization at a time period other than at the corporation's formation, because even under American's proffered time period, there is no evidence in the record suggesting that WIC's undercapitalization in 2008-2011[2] was a sham. *See Rowland v. Lepire*, 99 Nev. 308, 317, 662 P.2d 1332, 1337 (1983) (observing that it "is incumbent upon the one seeking to pierce the corporate veil" to show that the corporation's financial structure is a "sham" (internal quotations omitted)). In other words, no evidence suggests that WIC's undercapitalization in 2008-2011 when compared with its adequate capitalization prior to that time period was the result of Rottman taking efforts to transition WIC from a legitimate business entity into a shell entity. *See id.*

With regard to American's second argument, although evidence showed that WIC used its assets to make loans to affiliated entities and that WIC's board of directors may not have approved these loans via formal votes at director meetings, American does not dispute

---

[2]Although American references this time period as the applicable time period, American's expert witness was unable to provide an opinion at trial as to when WIC became undercapitalized.

that all of those loans were repaid in full, nor does American dispute the district court's finding that Rottman and WIC's board of directors generally observed corporate formalities. More importantly, and after having reviewed the record, we agree with the district court's finding that the evidence introduced at trial did not show the extent to which Rottman was personally involved in these transactions.[3] Thus, substantial evidence supports the district court's determinations that Rottman had not used WIC's corporate assets for his personal benefit and that WIC had observed corporate formalities. *LFC Marketing Grp., Inc. v. Loomis*, 116 Nev. 896, 904, 8 P.3d 841, 846 (2000) (upholding a district court's determination regarding alter ego status when the determination is supported by substantial evidence).

In light of the foregoing, we conclude that substantial evidence supports the district court's determination that American failed to establish any of the five unity-of-interest factors. *Id.* The district court therefore properly determined that Rottman was not acting as the alter ego of WIC for purposes of piercing the corporate veil under NRS 78.747(2). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.       _____, J.
Douglas                                          Gibbons

---

[3]For this same reason, WIC's failure to place American's collateral deposits into a segregated account has no relevance to the issue of whether Rottman was acting as WIC's alter ego.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Nancy L. Allf, District Judge
Robert F. Saint-Aubin, Settlement Judge
Law Office of Hayes & Welsh
Holland & Hart LLP/Reno
Richard L. Elmore, Chtd.
Eighth District Court Clerk